## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GUY W. HEFFINGTON,

      *Plaintiff,*

  vs.

PAMELA PULEO; FREDERICK G. SUNDHEIM, JR.; and OUGHTERSON, SUNDHEIM & ASSOCIATES, P.A.,

      *Defendants.*

Case No. 17-1192-EFM

### MEMORANDUM AND ORDER

On February 2, 2018, the Court issued an Order granting Defendants' motions to dismiss and dismissing Plaintiff Guy W. Heffington's claims against all Defendants for lack of personal jurisdiction.  Currently before the Court is Plaintiff's Motion for Reconsideration of the Court's dismissal of his claims (Doc. 35).  Because Plaintiff fails to satisfy any of the criteria that may support reconsideration of the Court's decision, his motion is denied.

### I.        Factual and Procedural Background

The underlying case involved a dispute over the proper handling of Plaintiff's grandmother's estate.  Plaintiff failed to show that any of the Defendants had the requisite minimum contacts with Kansas to authorize the Court's exercise of personal jurisdiction over Defendants.  The Court dismissed Plaintiff's claims for lack of personal jurisdiction.

Plaintiff's motion for reconsideration identifies four circumstances that he claims justify reconsideration: (1) "the Court has shown obvious bias in favor of the defendants," (2) the Court dismissed Plaintiff's claims on "a technicality," (3) if personal jurisdiction is required, it is established, and (4) the Court ignored all facts and evidence supporting the merits of the case. Plaintiff purports to bring his motion under Federal Rule of Civil Procedure 60(b), which identifies grounds for relief from a final judgment, order, or proceeding.

Defendants have filed responses to Plaintiff's motion arguing that it is really a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), and that Plaintiff's motion should be denied.

## II.    Legal Standard

A motion for reconsideration "filed within ten days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion."[1]  This Court may only grant a motion to alter or amend a judgment if Plaintiff can establish: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[2]  In other words, relief may be granted if the Court "misapprehended the facts, a party's position, or the controlling law."[3]

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[2] *Id.* (citation omitted).

[3] *Id.*

### III.    Analysis

#### A.    Alleged bias by the Court

Plaintiff accuses the Court of bias because it denied Plaintiff's motion for appointment of counsel and because this Judge of this Court served as U.S. Attorney when Plaintiff's mother filed a lawsuit against the U.S. Department of Defense ("DOD") in 2006, and the U.S. Attorney's office filed a motion to dismiss that lawsuit.[4]

First, that the Court issued an adverse legal ruling against Plaintiff does not serve as a basis for recusal or to allege bias.[5]  Second, that this Judge served as U.S. Attorney when Plaintiff's mother brought suit against the DOD does not require this Judge to recuse himself in the current matter, brought over ten years later by a different Plaintiff.

Judges have a duty to hear cases when there is no basis to recuse, and should only recuse themselves from a case "for good and sufficient reasons" and "never to avoid a difficult task or indulge a party."[6] Whether a judge should recuse him or herself rests on an objective determination of "whether a reasonable person, *knowing all the relevant facts*, would harbor doubts about the judge's impartiality."[7]

Here, no doubt could reasonably exist about this Judge's lack of impartiality in this case. The 2006 civil lawsuit brought by Plaintiff's mother did not involve the same subject matter or events as those alleged here, Plaintiff was not a party to the action, and Plaintiff's mother is not a

---

[4] In his motion for reconsideration, Plaintiff also alleged that this Judge dismissed a lawsuit filed by his mother in 2008, but he recognized in his reply that this assertion is false.

[5] *See, e.g.*, *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1028 (10th Cir. 1988) (recognizing a motion to recuse cannot be based solely on adverse rulings issued by the judge).

[6] *United States v. Jordan*, 678 F. App'x 759, 768 (10th Cir. 2017).

[7] *Id.* (quotation marks and citation omitted) (emphasis in original).

party to this action.  To the extent any arguably attenuated connections exist between this suit and the 2006 lawsuit filed by Plaintiff's mother, these connections are not sufficient to question this Judge's objectivity or the appearance thereof.

The allegations of judicial bias afford no basis for reconsideration of this Court's prior order dismissing Plaintiff's claims for lack of personal jurisdiction.

**B.** **Personal jurisdiction**

Plaintiff also seeks reconsideration on the ground that personal jurisdiction should not be an issue in his case "[b]ecause plaintiff's contacts with defendants are isolated and casual and the causes of action do not arise out of the contacts he had with them."  Alternatively, Plaintiff argues that if personal jurisdiction is required, it is present here, and regardless, the Court should not dismiss his claims on a technicality.  Finally, he contests the Court's dismissal of his claims prior to discovery.

Plaintiff's arguments that personal jurisdiction should not be an issue in this case and that the Court should not dismiss the case on a technicality overlook and minimize the requirement that the Court must have personal jurisdiction over Defendants.  The Court previously explained the difference between subject matter jurisdiction and personal jurisdiction, and noted that both must be present for the Court to have authority to hear the case.  Personal jurisdiction is not a mere technicality.  Defendants have not waived personal jurisdiction, and Plaintiff did not establish personal jurisdiction.  This argument does not serve as a basis for reconsideration.

To the extent Plaintiff asserts additional arguments in favor of personal jurisdiction in his motion, not only has he failed to identify *new* evidence that was previously unavailable, but his allegations appear to further support the Court's prior holding that personal jurisdiction does not exist over Defendants.  "When supplementing a Rule 59(e) motion with additional evidence," the

party seeking reconsideration must show "that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence."[8]  The additional evidence presented in Plaintiff's motion does not constitute "new evidence previously unavailable," such that it may be considered on a Rule 59(e) motion.[9]  Indeed, the affidavit that Plaintiff submitted in support of his motion refers to purported diary entries made in 2005, and Plaintiff previously submitted affidavits in briefing the motions resulting in dismissal of his claims.  The affidavit does not present new evidence sufficient to provide a valid basis for altering or amending the Court's order.  Regardless, even if the Court considered the evidence, it would not affect the Court's prior holding that Plaintiff has not shown that any Defendant has sufficient contacts with Kansas such that the Court may exercise personal jurisdiction over the Defendant in this case.

While Plaintiff suggests that the Court should have allowed him to conduct discovery prior to dismissal, he does not identify what further discovery he needed in order to establish personal jurisdiction.  Instead, he alleges that discovery would reveal various facts that go to the merits of his claims—he does not allege that discovery would reveal facts to support a finding of personal jurisdiction.[10]  District courts have discretion in allowing or denying jurisdictional discovery and

---

[8] *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (quotation marks and citations omitted) (alteration in original).

[9] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (approving district court's refusal to revisit issues already addressed in original order, and recognizing that advancing facts "otherwise available for presentation" in prior briefing is inappropriate on motion for reconsideration).

[10] Plaintiff never requested discovery on issues that would have a probability of establishing personal jurisdiction.  Rather, his prior references to discovery suggested that discovery would show a conspiracy between defendants, that defendants benefited from changing his grandmother's estate documents, that defendants were being paid from trust assets and how much, that defendants communicated *with each other*, other "illegal and unethical acts," and that Defendant Puleo began convincing Plaintiff's grandmother to move to New York after her husband died.  Plaintiff has made no attempt to suggest that discovery would show that Defendants had sufficient contacts with Kansas to authorize the Court's exercise of personal jurisdiction over them in this case.  The only contact Plaintiff

this discretion is not abused "where there is a 'very low probability that the lack of discovery affected the outcome of this case.' "[11]  Here, there is a very low probability that discovery would have affected the outcome of this case.

Finally, to the extent Plaintiff argues that the Court ignored all facts and evidence supporting the merits of this case, and thus, reconsideration is proper, his motion fails.  Before the Court can consider the merits of the case, it must be authorized to exercise personal jurisdiction over Defendants.  Because the Defendants did not waive personal jurisdiction, and Plaintiff did not establish sufficient contacts for the Court to exercise personal jurisdiction over Defendants, the Court could not proceed to address the merits of Plaintiff's claims.

## IV.    Conclusion

Plaintiff's motion for reconsideration fails to meet the criteria for altering or amending this Courts prior Memorandum and Order (Doc. 33).  Regardless, his motion also fails to offer facts sufficient to authorize the Court to exercise personal jurisdiction over Defendants.  Accordingly, the Court denies Plaintiff's motion for reconsideration.

---

suggests discovery may show between Defendants and Kansas is from a time before and unrelated to the events giving rise to Plaintiff's lawsuit.

[11] *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 103 (10th Cir. 2012) (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 35) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of March, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE